IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TRACY NOVAK                                                                                                    PETITIONER
ADC #0833632
                                         CASE NO. 5:17-CV-140-KGB-BD

WENDY KELLEY, Director,
Arkansas Department of Correction                                                              RESPONDENT

## RECOMMENDED DISPOSITION

### I.  Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker.  Any party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.  Introduction

Tracy Kent Novak, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus claiming that the ADC violated his right to Due Process. (Docket entry #1) This Court has not served the petition because it is clear that Mr. Novak cannot prevail. For the following reasons, the Court

recommends that Judge Baker DISMISS the petition, with prejudice, before service of process.

### III. Background

Mr. Novak is serving a sentence of life-without-parole for capital murder. *Novak v. State*, 287 Ark. 271 (Ark. 1985). In the pending petition, he does not challenge his conviction or sentence. Instead, Mr. Novak challenges a prison disciplinary conviction for possession of contraband. (#2)

On December 10, 2016, ADC officers conducted a random search of Mr. Novak's barracks. (#2, p. 10) One officer believed he saw Mr. Novak return to his bed and stuff unknown objects in his pants. ADC officers then escorted Mr. Novak to the Captain's office and conducted an "unclothed search." The officers found four hand-rolled cigarettes on Mr. Novak's person, two of which contained synthetic marijuana. (#2, p. 10) The officers charged Mr. Novak with a Major Disciplinary violation. He denied the charge, but was found guilty after a hearing. (#2, pp. 12-13) Mr. Novak's sanctions included the loss of 60 days commissary, phone and visitation privileges, and 30 days of punitive isolation. (#2, p. 12) Mr. Novak appealed the guilty finding and sanctions unsuccessfully. (#2, pp. 14-15)

### IV. Discussion

A federal court may entertain a State prisoner's petition for writ of habeas corpus only on the ground that he is in State custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Here, Mr. Novak claims the Defendants violated his right to Due Process by: (1) failing to comply with ADC rules

and regulations; (2) failing to test the hand-rolled cigarettes for synthetic marijuana; (3) stating inconsistent locations for Mr. Novak's search[1]; and (4) failing to follow prison procedure. (#2, pp. 6-8) None of these claims attack the length or legality of Mr. Novak's custody.

The claims fail to state grounds to support a Due Process violation. The due process clause of the United States Constitution prohibits government officials from depriving any person of life, liberty, or property, without due process of law. *Creason v. City of Washington*, 435 F.3d 820, 824 (8th Cir. 2006). Because the pending petition does not concern the deprivation of life or property, Mr. Novak is left to argue an infringement of a protected liberty interest. *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir.1997) (citations omitted). To establish the denial of a liberty interest, Mr. Novak must plead and prove that he was subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," or that the government's action "will inevitably affect the duration of his sentence." See *Sandin v. Conner*, 515 U.S. 472, 484, 487, 115 S.Ct. 2293 (1995).

According to Mr. Novak, his disciplinary conviction resulted in his assignment to punitive isolation and the loss of commissary, phone, and visitation privileges. None of these sanctions pose an "atypical and significant hardship" that would give rise to a liberty interest protected by the due process clause. See *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding that thirty days of punitive isolation, resulting in the loss of

---

[1] One form lists the Captain's office as the site of the search; another lists the Major's office.

working, mailing, commissary, and telephone privileges, was not an atypical and significant hardship under *Sandin*); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006)(demotion to segregation, even without cause, is not itself an atypical and significant hardship). Mr. Novak cannot establish the infringement of a liberty interest, even if he could prove that his disciplinary charge and conviction were improper or otherwise erroneous.  See *Philllips v. Norris*, 320 F.3d 844, 847-848 (8th Cir. 2003) (holding that thirty-seven days in isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under *Sandin*).

Mr. Novak's allegation that ADC officials failed to follow State law and ADC rules and regulations during the disciplinary process does not save his petition. Unfortunately for Mr. Novak, prisoners have no federally protected interest in having State officials follow State laws, rules, or regulations. See *Phillips*, 320 F.3d at 847 (no federal constitutional interest in having state officers follow state law or prison officials follow prison regulations).

Mr. Novak is serving a sentence of life-without-parole, so the potential forfeiture of good time credit is not an issue in this case. Because this case does not concern the length or legality of custody, and because Mr. Novak cannot identify a protected liberty interest at stake, he has failed to state a basis for habeas corpus relief.

**V.**     **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr.

4

Novak has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Novak has not provided a basis for issuing a certificate of appealability.

## VI.    Conclusion

The disciplinary conviction and resulting sanctions imposed as part of Mr. Novak's State custody did not violate the Constitution or laws of the United States. Accordingly, the Court recommends that Judge Baker dismiss Petitioner Tracy Kent Novak's petition for writ of habeas corpus, with prejudice. And because there is no substantial showing that Mr. Novak was denied a constitutional right, Judge Baker should decline to issue a certificate of appealability.

DATED this 18th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE